**UNITED STATES of America, Appellee,**

v.

**William John BARBER, Appellant.**

No. 02–3231.

United States Court of Appeals, Eighth Circuit.

Submitted June 6, 2003.

Decided June 11, 2003.

Before MORRIS SHEPPARD
ARNOLD, HANSEN, and MELLOY,
Circuit Judges.

PER CURIAM.

William John Barber pleaded guilty to
using fire to commit a federal felony (mail

fraud), in violation of 18 U.S.C.
§ 844(h)(1). The district court[1] sentenced
Barber to 120 months imprisonment, as
mandated by statute and the Sentencing
Guidelines, and 3 years supervised release.
*See* 18 U.S.C. § 844(h)(1) (whoever uses
fire to commit any felony which may be
prosecuted in federal court "shall ... be
sentenced to imprisonment for 10 years");
U.S.S.G. § 2K2.4(a) (Guidelines sentence
for defendant convicted under § 844(h)(1)
"is the term of imprisonment required by
statute"). On appeal, Barber's counsel has
moved to withdraw and filed a brief under
*Anders v. California*, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising
the issues whether there was a factual
basis at the plea hearing to establish a
section 844(h)(1) offense, and whether the
statutorily mandated 10–year sentence
constitutes cruel and unusual punishment.
In his pro se supplemental brief, Barber
contends that his counsel below was inef-
fective.

The district court had a sufficient
factual basis to accept Barber's guilty plea:
his stipulations in his plea agreement, his
oral confirmation of those stipulations at
the plea hearing, and the unobjected-to
facts in the presentence report established
that Barber directed and aided a codefend-
ant to set fire to a building Barber owned
so he could submit a fraudulent insurance
claim, and that he used the mail in further-
ance of the scheme. *See United States v.
Ruiz*, 105 F.3d 1492, 1503–04 (1st Cir.1997)
(defendants "used" fire to commit mail
fraud within meaning of § 844(h)(1) where
defendants set fire to clothing store to
carry out scheme to deceive insurance
company; fire was "the means" by which
defendants created appearance of apparent
loss). In addition, Barber's 10–year sen-

---

1. The Honorable Mark W. Bennett, Chief
Judge, United States District Court for the
Northern District of Iowa.

750

tence, mandated by both the statute and the Guidelines, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *See United States v. Farmer,* 73 F.3d 836, 840 (8th Cir.) (level of punishment imposed for crimes is business of Congress, not courts; only in very narrow circumstances has punishment within statutory limits been held to violate Eighth Amendment; Congress has power to make sentences mandatory and to withdraw all sentencing discretion from courts, except in capital cases), *cert. denied,* 518 U.S. 1028, 116 S.Ct. 2570, 135 L.Ed.2d 1086 (1996); *United States v. Foote,* 920 F.2d 1395, 1401 (8th Cir.1990) (as matter of law, sentences imposed pursuant to Guidelines do not violate Eighth Amendment), *cert. denied,* 500 U.S. 946, 111 S.Ct. 2246, 114 L.Ed.2d 487 (1991). Last, Barber's ineffective-assistance claim is more appropriately raised in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Martin,* 59 F.3d 767, 771 (8th Cir.1995).

Upon careful review of the record, *see Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no other nonfrivolous issues. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw.